**GREENBERG TRAURIG, LLP**
**ATTORNEYS AT LAW**
**SUITE 800**
**2375 EAST CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**(602) 445-8000**

Nicole M. Goodwin, SBN 024593; nicole.goodwin@gtlaw.com
Adrianna Griego Gorton, SBN 031836, gortona@gtlaw.com
*Defendant JPMorgan Chase Bank, N.A.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Rudy Borboa, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | (Removed from Pima County Justice Court Case No. CV23003483) |
| JPMorgan Chase Bank, N.A., | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), through undersigned counsel, hereby removes the civil action styled as *Anthony Rudy Borboa v. JPMorgan Chase & Co.*, from the Pima County Justice Court of the State of Arizona, where it is currently pending as Case No. CV23003483, to the United States District Court for the District of Arizona ("Justice Court Action").  Chase hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).  Chase will provide evidence to support the allegations of this pleading as required, in the event a challenge is raised regarding the Court's jurisdiction.[1]

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net,*

1.    On February 3, 2023, Plaintiff filed his action styled *Anthony Rudy Borboa v. JPMorgan Chase & Co.*, Case No. CV23003483 in the Pima County Justice Court, State of Arizona.

2.    Defendant JPMorgan Chase Bank, N.A. was served with a summons and Complaint on February 6, 2023.  Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6, Chase attaches a true and correct copy of Plaintiff's Summons, Small Claims Complaint, and the most recent state court docket as **Exhibit A.**  Chase has concurrently filed a Supplemental Civil Cover Sheet with this Notice of Removal.

3.    Pursuant to 28 U.S.C. § 1446(b), removal is timely as Chase is removing this action within 30 days of service of the Complaint upon JPMorgan Chase Bank, N.A.

4.    Also attached hereto as **Exhibit B** is a verification pursuant to LRCiv 3.6(b) that **Exhibit A** is a true and correct copy of the pleadings and other documents filed in the Justice Court Action.

5.    As required by LRCiv 3.6(a), Chase certifies that it has served a copy of this Notice of Removal on Plaintiff, and a copy of the Notice has also been filed with the Clerk of the Pima County Justice Court, as required by 28 U.S.C. § 1446(d).  Chase attaches a copy of the Notice of Filing of Notice of Removal filed with the State Court Clerk hereto as **Exhibit C**.

---

*Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal.  Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.'  Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

ADMIN685605329

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

**NATURE OF THE ACTION AND BASIS FOR REMOVAL**

6.      In his Justice Court Action, Plaintiff alleges that Chase violated the Fair Debt Collection Practices Act, by allegedly "refusing to offset and adjust the accounting after accepting the negotiable instrument Plaintiff tendered."

7.      Specifically, Plaintiff's Complaint alleges that "Defendant attempts to collect an alleged debt in a manner that violates the Fair Debt Collection Practices Act." *See* Exh. A at 1.  15 U.S.C. § 1692(k) states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy. . ." *See* 15 U.S.C. § 1692(k).  As admitted by Plaintiff, and as outlined in the 15 U.S.C. § 1692(k), jurisdiction is proper in this Court.

8.      The Justice Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a).  Plaintiff's Complaint arises under a federal statutory law that creates a cause of action and, therefore, the Complaint is properly removed under 28 U.S.C. § 1331.  *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

**OTHER JURISDICTIONAL REQUIREMENTS**

9.      Based on the Complaint, there are no other served defendants who must consent in order to effectuate removal under 28 U.S.C. § 1446(b)(2)(A).

10.      Removal to this Court is proper because this is the "district and division" embracing the place where the Action was filed—*i.e.*, Pima County, Arizona.  *See* 28 U.S.C. § 1446(a).

11.      Defendant will promptly file with the Pima County Justice Court and serve upon Plaintiff a written notice of this removal.  *See* 28 U.S.C. § 1446(a), (d); LRCiv 3.6(a).

12.      By this filing, Chase does not admit any liability, does not concede the

2

accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind. Similarly, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Chase's right to assert any defense or affirmative matter including, but not limited to, the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, or any other procedural or substantive defense available to Chase.

Wherefore, the Action is hereby removed to this Court from the Pima County Justice Court of the State of Arizona.

DATED this 28th day of February, 2023.

GREENBERG TRAURIG, LLP

By */s/ Adrianna Griego Gorton*
   Nicole M. Goodwin
   Adrianna Griego Gorton
   *Attorneys for Plaintiff*

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

ADMIN685605329

3

## **CERTIFICATE OF SERVICE**

☒   I hereby certify that on February 28, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. I further certify that on this same date I served the attached document by United States First Class Mail upon the following:

Anthony Rudy Borboa
4641 South Cherry Avenue
Tucson, AZ  85714
*Pro Per Plaintiff*

By: */s/ Carolyn Smith*
Employee, Greenberg Traurig, LLP

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

ADMIN685605329

4